IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Feliciano, :
                 Petitioner :
                  :
      v. : No. 588 M.D. 2019
                  : SUBMITTED: December 17, 2021
Pennsylvania Department of :
Corrections, :
               Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge[1]
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                         FILED: January 26, 2022

Petitioner Anthony Feliciano (Feliciano), an inmate currently incarcerated within the Commonwealth's state prison system at the State Correctional Institution at Mahanoy (SCI-Mahanoy), has filed an amended petition for review (Amended Petition) in this Court's original jurisdiction. Therein, Feliciano seeks a declaratory judgment establishing that Respondent Pennsylvania Department of Corrections (Department) violated his procedural due process rights during the course of administratively punishing him for a positive drug test. In response, the Department has filed preliminary objections, through which it demurs to the Amended Petition and challenges our jurisdiction to consider this matter. After thorough consideration, we sustain the Department's preliminary objection to our jurisdiction and dismiss the Amended Petition with prejudice.

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

## I. Background

This matter again comes to us for consideration, the better part of a year after we sustained the Department's jurisdictional preliminary objection to Feliciano's original Petition for Review (Petition) and dismissed that Petition without prejudice.[2] In sustaining the Department's preliminary objection, we noted that "the Department's decisions regarding inmate misconduct convictions generally fall outside the scope of our original jurisdiction, even where a prisoner's constitutional rights have allegedly been violated." *Feliciano I*, 250 A.3d at 1274. We also made clear, though, that "[t]here is a narrow exception [to this rule in instances where] an inmate can identify a personal or property interest not limited by [Department] regulations and affected by a final [Department] decision. . . . If one of these interests is involved, the inmate is entitled to notice and an opportunity to be heard." *Id.* at 1275 (quoting *Hill v. Dep't of Corr.*, 64 A.3d 1159, 1167 (Pa. Cmwlth. 2013)). With regard to procedural due process, we made clear that an inmate must be afforded this constitutional right in the context of prison disciplinary matters only where "the punishment imposed upon him as a result of his [misconduct] constituted an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Id.* at 1279 (quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Moving on, we stated that each case of this nature "requires a fact-specific inquiry" regarding whether the affected inmate has suffered such a hardship. Accordingly, we adopted[3] the multifactor test created by the United States Court of Appeals for the District of Columbia Circuit, which we concluded "articulates the proper method for

---

[2] The details of Feliciano's situation and the particulars of his Petition are discussed at length in *Feliciano v. Pennsylvania Department of Corrections*, 250 A.3d 1269 (Pa. Cmwlth. 2021) (*Feliciano I*), and, as such, we need not recount them here.

[3] *Feliciano I* was a unanimous en banc published opinion and thus binding case law.

determining whether an inmate is entitled to procedural due process in the context of an administrative determination that affects his carceral housing situation[.]" *Id.* Under this test,

> the proper methodology for evaluating [procedural due process] deprivation claims [of this type] . . . is to consider (i) the conditions of confinement relative to administrative segregation, (ii) the duration of that confinement generally, and (iii) the duration relative to length of administrative segregation routinely imposed on prisoners serving similar sentences.

*Id.* (quoting *Aref v. Lynch*, 833 F.3d 242, 255 (D.C. Cir. 2016)). We also stressed "that a liberty interest can potentially arise under less-severe conditions when the deprivation is prolonged or indefinite." *Id.* (quoting *Aref*, 833 F.3d at 255).

Upon review of Feliciano's Petition, we concluded that he had failed to make averments therein that satisfied the requirements of this test and consequently determined that we lacked jurisdiction to consider his action; however, we did so without prejudice, and gave Feliciano 30 days to submit an Amended Petition in which he had corrected the deficiencies contained in his original filing. *Id.* at 1279-80. Feliciano availed himself of this opportunity through his aforementioned Amended Petition. In response, the Department submitted the preliminary objections that are currently before us for disposition.

## II. Discussion[4]

Feliciano's Amended Petition suffers from the same jurisdictional defects that plagued his original Petition and, as such, we lack jurisdiction to consider his action. The Amended Petition is devoid of averments that would allow us to compare the conditions of Feliciano's misconduct penalty to that experienced by inmates during normal carceral confinement. In addition, Feliciano's Amended Petition is silent about whether the administrative punishment levied against him in this instance was more severe than the penalties imposed upon similarly situated inmates, or whether the length of that punishment is such that his liberty interests are implicated. *See* Am. Pet. ¶¶2-23. Therefore, Feliciano has failed to identify a personal or property interest that would obligate the Department to afford him adequate procedural due process in this situation. It follows, then, that we do not have original jurisdiction over Feliciano's action and, in light of this, sustain the Department's preliminary objection to that effect and dismiss the Amended Petition with prejudice.[5]

_____
ELLEN CEISLER, Judge

---

[4] In ruling on preliminary objections, this Court accepts as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421 (Pa. Cmwlth. 2018). However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.* For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. *Id.* Any doubt must be resolved in favor of the non-moving party. *Id.*

*Dantzler v. Wetzel*, 218 A.3d 519, 522 n.3 (Pa. Cmwlth. 2019).

[5] Given our disposition of this matter on jurisdictional grounds, it is unnecessary for us to address the Department's remaining demurrer-based preliminary objection.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Feliciano,     :
     Petitioner  :
          :
  v.        : No. 588 M.D. 2019
          :
Pennsylvania Department of  :
Corrections,      :
     Respondent :

# **O R D E R**

AND NOW, this 26th day of January, 2022, it is hereby ORDERED that Respondent Pennsylvania Department of Corrections' (Department) preliminary objection to our jurisdiction over Petitioner Anthony Feliciano's (Feliciano) Amended Petition for Review is SUSTAINED. Feliciano's Petition for Review is DISMISSED WITH PREJUDICE.

            _____

            ELLEN CEISLER, Judge